[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14578
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20121-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee-
Cross Appellant,

versus

SONY RAYMOND,

Defendant-Appellant-
Cross Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(August 28, 2015)

Before HULL, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Following a bench trial, Sony Raymond was convicted of one count of possessing a firearm as a felon (Count 1), in violation of 18 U.S.C. § 922(g) and § 924(e), and one count of possessing with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a) (Count 2). At sentencing, the district court found that Raymond's advisory guidelines range was 262 to 327 months imprisonment. After considering the 18 U.S.C. § 3553(a) factors, however, the district court granted Raymond a downward variance and imposed concurrent 90-month sentences on Counts 1 and 2.

On appeal, Raymond challenges only his conviction on Count 1, arguing that § 922(g) is unconstitutional, both facially and as applied, because it does not require a sufficient nexus to interstate commerce. Raymond does not challenge his sentence. After review, we affirm.

As Raymond acknowledges, his facial and as-applied challenges to § 922(g) are foreclosed by our precedent. See United States v. Jordan, 635 F.3d 1181, 1189 (11th Cir. 2011) (explaining that this Court has repeatedly held that § 922(g) "is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement" and that § 922(g) is not unconstitutional as applied to a defendant's intrastate gun possession where

2

the government proved that the gun travelled in interstate commerce); United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996) (finding that the jurisdictional element of § 922(g) defeats a facial constitutionality challenge and that the government's proof that the defendant's gun had travelled in interstate commerce made the statute constitutional as applied to him).

Moreover, at trial, Raymond stipulated that his gun travelled in interstate commerce.  Therefore, the "minimal nexus requirement" was fully satisfied here. See United States v. Wright, 607 F.3d 708, 715-16 (11th Cir. 2010).  Accordingly, Raymond has not shown error, much less plain error, with respect to his conviction on Count 1.[1]

Finally, we point out that Raymond does not appeal his 90-month concurrent sentences.  It was the government that filed a cross-appeal challenging Raymond's 90-month sentence on Count 1, contending that the district court erred by imposing a sentence below the statutory mandatory minimum 15-year (180-month) sentence required by the Armed Career Criminal Act, 18 U.S.C. § 924(e).  After the Supreme Court issued Johnson v. United States, 576 U.S. ___, ___ S. Ct. ___, No. 13-7120, 2015 WL 2473450 (June 26, 2015), however, the government filed an unopposed motion to dismiss its cross-appeal of Raymond's sentence with prejudice.  The government's motion is GRANTED.

---

[1]Because Raymond raises his Commerce Clause challenges to § 922(g) for the first time on appeal, our review is for plain error.  See Wright, 607 F.3d at 715.

**AFFIRMED.**